**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1382

INGRID CRUZ RAMOS,

Plaintiff, Appellant,

v.

JO ANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Selya, Lynch and Lipez,
Circuit Judges.

Salvador Medina De La Cruz on brief for appellant.
H.S. Garcia, United States Attorney, Lisa E. Bhatia, Assistant
U.S. Attorney, and Karen B. Burzycki, Assistant Regional Counsel,
Social Security Administration, on brief for appellee.

January 11, 2005

**Per Curiam**. Claimant Ingrid Cruz Ramos appeals from a decision of the district court upholding the Commissioner's denial of disability and disability insurance benefits under the Social Security Act. After carefully reviewing the briefs and record, we affirm the Commissioner's decision.

On appeal, appellant argues that it was error for the Administrative Law Judge ("ALJ") to apply the Medical-Vocational Guidelines (the "Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2, in light of the evidence of her nonexertional impairment. Appellant also argues that the Commissioner failed to demonstrate through particularized proof that appellant was capable of performing jobs which exist in significant numbers in the national economy.

We conclude that there is ample support in the record for the ALJ's determination that appellant's mental impairment did not significantly affect her ability to perform the full range of jobs at the relevant exertional level. Although appellant cites treating source evaluations in support of her contention that her mental condition significantly limited her ability to function in a work setting, the record contains substantial countervailing evidence. While the evidence shows that appellant was consistently diagnosed with severe depression, she was treated conservatively, demonstrated no suicidal or homicidal thinking, and there is no record of any hospitalization for that condition. Examination

-2-

notes consistently indicate that appellant was alert, that she demonstrated fair judgment, and that her orientation, intellect, insight, and memory were adequate. The state agency consultative examining psychiatrist noted that, although appellant's flow of thought was slow, it was logical, coherent, and relevant. In addition, appellant herself reported that she got along well with co-workers and supervisors while she was working. The non-examining state agency psychiatrist and psychologist concluded, based on their review of the medical evidence, that appellant was capable of understanding, remembering, and carrying out simple and detailed instructions, could sustain attention and concentration for at least two-hour periods, and could complete a normal workday and work-week. Accordingly, the non-examining physicians opined that appellant's mental impairment did not significantly affect her residual functional capacity ("RFC"). These assessments and the reports of the consultative examining physicians provide substantial evidence to support the ALJ's determination. See Berrios Lopez v. Secretary of Health & Human Servs., 951 F.2d 427, 431-32 (1st Cir. 1991); Gray v. Heckler, 760 F.2d 369, 373 (1st Cir. 1985).

To the extent appellant contends that her treating psychiatrist's opinion was entitled to controlling weight, her argument fails because the treating physician's opinion is inconsistent with the bulk of the medical evidence and is not

supported by any progress notes or clinical or laboratory findings. The ALJ was justified in according the treating psychiatrist's report little weight. <u>See</u> 20 C.F.R. § 404.1527(d). To the extent appellant suggests that the ALJ should have obtained the testimony of a medical expert to resolve any apparent conflicts between the treating physicians' assessments and the opinions of the state agency physicians, her argument is unavailing because RFC is not a medical assessment, but is instead an administrative finding reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Moreover, as discussed above, it was appropriate for the ALJ to rely on the reports of the consultative and non-examining physicians in assessing appellant's RFC. <u>See</u> <u>Evangelista</u> v. <u>Secretary of Health & Human Servs.</u>, 826 F.2d 136, 144 (1st Cir. 1987) (ALJ may piece together relevant medical facts from the findings and opinions of multiple physicians). Since the consultative and non-examining physicians concluded that appellant suffered from mild limitations at most, the ALJ's RFC determination appears to be sufficiently supported by the record.

Having determined that the ALJ's finding that appellant's RFC was not significantly affected by nonexertional limitations, it is apparent that application of the Grid was appropriate and that no 'particularized proof' of appellant's specific vocational capabilities or other vocational evidence was required. <u>See</u> <u>Ortiz</u>, 890 F.2d at 524 (reliance on Grid appropriate if nonexertional

limitation reduces claimant's occupational base only marginally); Lugo, 794 F.2d at 17 (similar). Accordingly, in light of appellant's age, education, and past work experience, the ALJ properly found that Medical-Vocational Rule 203.19 directed a finding that appellant was not disabled. Affirmed. See 1st Cir. R. 27(c).